United States District Court
Southern District of Texas
**ENTERED**
February 27, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| United States of America | § § | |
| v. | § § | Criminal No. 2:18-cr-01217 |
| Hector Vera | § § § | |

## ORDER OF DETENTION PENDING REVOCATION HEARING

On February 27, 2024, the Court conducted a hearing under Fed. R. Crim. P. 32.1(a)(6) and 18 U.S.C. § 3143(a)(1) to determine whether Defendant Hector Vera should be detained pending a hearing on the superseding petition to revoke his supervised release. In this context, Defendant has the burden to prove, by clear and convincing evidence, that he would be unlikely to flee or pose a danger if he were released. *See* Fed. R. Crim. P. 32.1(a)(6) (burden of proof on defendant); 18 U.S.C. § 3143(a)(1) (requiring detention "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of the community if released under section 3142(b) or (c)"). The Court concludes that Defendant failed to meet his burden.

Most concerning is Defendant's conviction for two state felonies of aggravated assault with a deadly weapon, for which he received a sentence of four years imprisonment on December 13, 2021. *See* Dkt. 38 at 4. As stated

in the superseding petition, Defendant pointed a handgun at one victim, causing the victim to fear for his life. *Id.* The possession of a firearm itself constitutes a serious violation of Defendant's supervised release, not to mention his use of that firearm to commit assault. But Defendant also harmed a second victim by striking and running over that victim's right leg with a vehicle. *See id.* The details of those violent offenses underscore the danger that Defendant's release would pose.

According to Defendant's proffer, he could reside with his long-standing girlfriend of 16 years if he were released. Defendant also suggested that imposing house arrest and GPS monitoring would ensure that he appears in court and does not pose a danger.

The Government responded, and the Court agrees, that Defendant's proposed conditions are not sufficient to offset the risk that his release would endanger the community. Defendant has already disregarded important conditions of his supervised release designed to ensure that he refrains from committing new crimes and addresses his underlying substance abuse issues. Yet in addition to the latest assault offenses, Defendant repeatedly failed to comply with restrictions forbidding his use of illegal drugs and was even expelled from a treatment facility for striking another client on the head. *See id.* at 2-4. This pattern of misconduct, coupled with Defendant's repeated violent behavior, renders it unlikely that Defendant would abide by any further

restrictions that the Court could impose to protect public safety if he were released.

Accordingly, it is **ORDERED** that Defendant Hector Vera be **DETAINED** until the hearing on the superseding petition to revoke his supervised release.

Signed in Houston, Texas on February 27, 2024

_____
Yvonne Y. Ho
United States Magistrate Judge